**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. MANFREDONIA, | **Hon. William G. Bassler** |
| Petitioner, | Civil No. 05-0146 (WGB) |
| v. | |
| RONALD H. CATHEL, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

    MICHAEL J. MANFREDONIA, #204947
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner Pro Se

**BASSLER**, District Judge

    Michael J. Manfredonia filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey on August 8, 1986.  On December 1, 2005, the Court issued an order notifying Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  In addition, the Order informed Petitioner that the Petition did not specify federal grounds for relief or state the facts supporting each ground, see 28 U.S.C. § 2254(a) Rule 2(c), gave him an opportunity to withdraw the defective Petition and file an amended petition setting forth all available federal grounds to collaterally attack the state

judgment, and advised him that the Petition would be dismissed for lack of jurisdiction if Petitioner did not respond to the Order within 45 days of the date of entry.  As Petitioner has neither responded to the Order nor filed an amended petition asserting federal grounds, and the time to respond has expired, the Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

## I.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a  petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4.

## II.  BACKGROUND

Petitioner, who is confined at New Jersey State Prison in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Morris County, on August 8, 1986.  The Petitioner does not specify the grounds for relief and supporting facts, as required by Rule 2(c) of the Rules Governing § 2254 Cases.  Rather, the Petition states that Petitioner will rely on briefs filed in State Courts but the Petitioner did not attach the state court briefs to the Petition.  In an Order filed on December 1, 2005, the Court notified Petitioner that the Petition was jurisdictionally defective for failing to state federal grounds and gave him 45 days to respond to the Order.  The time to respond expired on January 16, 2006.  To date, the Clerk has received no response from Petitioner.

## III.  DISCUSSION

A.  Jurisdiction

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).[1]

---

[1] In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief. See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999). Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim. See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set
(continued...)

In this case, as noted in the prior Order, the Petition does not allege deprivation of a federal right.  Although given 45 days to do so, Petitioner has not responded to the Order or filed an amended Petition setting forth federal grounds.  Under these circumstances, the Court is constrained to dismiss the Petition for lack of jurisdiction.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of jurisdiction and denies a certificate of appealability.

    /S/ WILLIAM G. BASSLER
WILLIAM G. BASSLER, U.S.D.J.

Dated: 23 February 2006

---

[1](...continued) forth in the petition, that exclusion of the testimony violated his federal due process rights).